IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SHERWIN S. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-074 |
| | ) | |
| DR. AYODELE ABEL AYEDUN; DR. CHERILYN ZELLNER; and MS. MITZI HALL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983 and has paid the $405.00 filing fee. Plaintiff filed a motion to compel, in which he seeks an order directing the Medical Department at Johnson State Prison to produce medical records. (Doc. no. 27.) Defendants Hall and Zellner responded in opposition to the motion. (Doc. no. 34.) The Court **DENIES** the motion for the reasons explained below.

The filing does not contain a certificate of service, as is required by Local Rule 5.1, showing Plaintiff's motion was served on defense counsel. (See doc. no. 27, p. 2.) The filing does not comply with Local Rule 26.5, which requires Plaintiff to make a good faith effort to resolve

his discovery dispute with opposing counsel.[1]  Plaintiff previously received instructions about both of these requirements for his filings.  (See doc. no. 9, pp. 6-7.)

The duty-to-confer prerequisite is not an empty formality.  Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010).  Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).  Moreover, in Defendants Hall and Zellner's response to Plaintiff's motion, they contend Plaintiff has propounded no requests for production, let alone any other discovery request, to Defendants Hall and Zellner, and defense counsel received no correspondence from Plaintiff attempting to confer with defense counsel concerning his discovery dispute. (Doc. no. 34.)  The failure to confer with Defendants will not be considered a good faith effort to attempt to resolve a dispute.  See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases); Curry v. Day, CV 114-173, doc. no. 23, pp. 2-3 (S.D. Ga. Apr. 15, 2015) (applying good faith requirement in prisoner plaintiff case).

---

[1] Local Rule 26.5 provides, in relevant part:  "Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."

2

Moreover, Defendants Hall and Zellner explain Plaintiff's request for his medical records is now moot, as he was provided an opportunity to access his medical records outside the bounds of the discovery process on April 22, 2025, shortly after filing the instant motion. (Doc. no. 34, pp. 6-7.) Accordingly, to the extent Plaintiff has gained the relevant information and documents he seeks through the motion to compel, his motion is denied as moot.

Accordingly, the Court **DENIES** Plaintiff's motion, (doc. no. 27), based on the failure to comply with the service requirement of Local Rule 5.1 and the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[2] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

SO ORDERED this 18th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.